**HARTFORD FIRE INS. CO. v. THE CORAL.**

No. 183 of 1947.

District Court, E. D. Pennsylvania.

March 31, 1948.

Howard T. Long and Howard M. Long, both of Philadelphia, Pa., for libelant.

Benjamin F. Stahl, Jr., of Philadelphia, Pa., of Clark, Brown, McCown, Fortenbaugh and Young, of Philadelphia, Pa., for respondents.

BARD, District Judge.

This is an action in admiralty to recover damages arising out of an alleged collision between respondent's tug and a moored lighter.

On the basis of the pleadings and the testimony, I make the following special

### Findings of Fact.

1. The libellant is the Hartford Fire Insurance Company.

2. The respondents are the tug Coral and her owners and operators, Martug Towing Company.

3. On the morning of January 31, 1946 the "Coral" arrived at the piers of the Armstrong Cork Company at Gloucester, New Jersey, to tow the Armstrong Cork Company's lighter "Acco," laden with cork, to Camden, New Jersey.

4. The Armstrong Cork Company owns and maintains three piers extending from

the east bank into the Delaware River at Gloucester, New Jersey. The piers are designated as A, B, and C, respectively, from north to south. Pier B is 200 feet longer than Pier C, with 90 feet of water space between the southern side of Pier B and the northern side of Pier C.

5. The "Acco" was properly moored on the downriver side of Pier C, and the "Gloucester," another of Armstrong's lighters, was properly moored on the downriver side, and near the outer end of Pier B.

6. The "Coral" took the "Acco" in tow on the tug's port side, with the tug's stern projecting aft of the lighter's stern, and commenced maneuvering in order to turn about and head upriver for Camden.

7. While maneuvering with her tow between Pier B and Pier C, the "Coral" backed her stern into the side of the "Gloucester," and as a direct result of the collision, the "Gloucester" suffered physical damage which was required to be repaired in order to restore the "Gloucester" to the fit and seaworthy condition in which she was prior to the collision.

8. At the time of the collision, the libellant, Hartford Fire Insurance Company, was the insurer of the lighter "Gloucester" and her owner, the Armstrong Cork Company, under a written policy of insurance.

9. The libellant, on September 16, 1946, reimbursed Armstrong Cork Company in the amount of $616.90 for so much of the latter's loss as libellant was obligated under the policy of insurance.

10. Libellant received from the Armstrong Cork Company a subrogation receipt whereby libellant became subrogated to the rights of Armstrong as against the respondents in the amount of $616.90.

#### Conclusions of Law.

1. This court has jurisdiction of the subject matter and the parties to this action.

2. Inasmuch as the lighter "Gloucester" was, at the time of the collision, lying properly moored at her wharf, while the tug "Coral" was a moving vessel, and it does not appear that the collision was an unavoidable accident, the fact of collision raises a presumption of fault on the part of the "Coral," and the respondents have introduced no evidence to rebut such presumption.

3. The libellant, as subrogee, is entitled to recover in damages the amount in which it has reimbursed its assured, the Armstrong Cork Company.

4. A decree may be entered sustaining the libel of the Hartford Fire Insurance Company against the tug "Coral" and Martug Towing Company, awarding to the libellant the damages which it has sustained, in the amount of $616.90, together with interest from September 16, 1946, and costs.